UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE UNITED STATES OF AMERICA,
ex rel. EMMA TIRELLA,

        Plaintiff/Relator,

v.                               CASE NO. 3:16-cv-203-J-32JBT

KLAUSNER LUMBER ONE, LLC, etc.,

        Defendant.

_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Qui Tam Complaint ("Motion") (Doc. 14) and Plaintiff's Response (Doc. 19).  The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.  (Doc. 25.)  For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**, that the Qui Tam Complaint ("Complaint") (Doc. 1) be **DISMISSED without prejudice** because it is a shotgun pleading, and that Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file an amended

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

complaint in accordance herewith.[2]

## I.    Background

Plaintiff, a former employee of Defendant, brought this qui tam action pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq. ("Act").  (Doc. 1.)  The Complaint alleges that Defendant fraudulently obtained and used funds from federal, state, and local governments in order to open and operate a lumber sawmill project in Live Oak, Florida.  (*Id.*)  The Government declined to intervene in this action.  (Doc. 9.)  Defendant now moves to dismiss the Complaint with prejudice, arguing in part that the Complaint is "convoluted" and that "[t]he legal basis for [Plaintiff's] claim is a mystery as she simply parrots in formulaic fashion three subsections of [the Act]" in a single count.  (Doc. 14 at 1–2.)

## II.    Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the Complaint sets forth sufficient factual allegations to establish a claim upon which relief can be granted.  In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Complaint satisfies Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

---

[2] Defendant requests oral argument on the Motion.  (Doc. 15.)  The undersigned recommends that oral argument is not necessary.

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully- harmed-me accusation." *Id.* Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

 In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. Although the Court must accept well-pled facts as true, it is not required to accept Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In

3

evaluating the sufficiency of a plaintiff's pleadings, a court is "not required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

## III.   Analysis

The undersigned recommends that the Complaint be dismissed without prejudice because it is a shotgun pleading.  As explained further below, Plaintiff's failure to plead her separate claims under the Act in separate counts, coupled with the structure of the Complaint, makes it virtually impossible to determine what facts support which claims.  Thus, the undersigned recommends that amendment of the Complaint is required.[3]

### A.   Structure of the Complaint

The first 17 pages, or 59 paragraphs, of the Complaint set forth factual allegations regarding Defendant's alleged scheme to fraudulently obtain and use government funds in connection with the sawmill project.  (Doc. 1 at 1–17.)  These allegations, which detail the scheme as a whole, are not directly tied to any specific alleged violations of the Act.  (*See id.*)  The final four pages of the Complaint present

---

[3] In light of this recommendation, the undersigned does not address the specific False Claims Act pleading standard or the additional arguments raised by the parties.

the single count brought by Plaintiff, which is titled "Count I: Violations of the False Claims Act." (*Id.* at 17.)  Count I incorporates by reference the initial 59 paragraphs in their entirety, as well as 20 exhibits which total over 70 pages. (*Id.* at 3, 17.)

Without amending the Complaint, Plaintiff later attempted to supplement it with an additional exhibit consisting of over 650 pages. (Doc. 22.)  The exhibit was stricken without prejudice. (Doc. 23.)  The undersigned recommends that this type of pleading is improper.  Because "an exhibit to a pleading is a part of the pleading for all purposes," attaching voluminous exhibits, particularly without doing anything more than generally referencing them in the Complaint, is inconsistent with the requirement that a complaint contain "a short and plain statement" of the claim(s). *See* Fed. R. Civ. P. 8(a) & 10(c).

Additionally, the structure of Count I itself is flawed.  In a single paragraph, Plaintiff alleges in conclusory terms, by essentially reciting outdated language of the relevant statutory provisions, that Defendant violated the Act in three separate ways. (Doc. 1 at 17.)  Although specific subsections are not identified in the Complaint, it appears that Plaintiff is relying on three subsections of a pre-amendment version of the Act, which was amended and renumbered in 2009. (*Id.*)  Compare 31 U.S.C. §§ 3729(a)(1)(A), (B), & (G) with its prior version, 31 U.S.C. §§ 3729(a)(1), (2), & (7).[4] Count I further alleges in conclusory terms that Defendant violated several securities

---

[4] Notably, Plaintiff argues in her Response that dismissal is not appropriate primarily because the 2009 amendment broadened the Act. (*See* Doc. 19.)

laws. (Doc. 1 at 17–18.)  However, it does not appear that Plaintiff is attempting to state a separate cause of action based on these alleged violations, and their relevance to Plaintiff's claims under the Act, if any, is not apparent from the Complaint.

Moreover, Plaintiff alleges no non-conclusory facts regarding any of her claims. (Doc. 1 at 17–19.)  Rather, she relies only on the voluminous incorporated allegations, which detail the alleged scheme as a whole, to support each claim. (*See id.*)  Plaintiff then seeks nine types of relief which are not tied to any of the specific alleged violations.  In short, among other deficiencies, the Complaint fails to tie specific factual allegations to specific claims that request specific relief as required.

### B.    Shotgun Pleading

The Complaint improperly includes three distinct claims within a single count. "The elements that a plaintiff must allege under each subsection [of the False Claims Act] differ."  *U.S. ex rel. Westlund v. Lab. Corp. of Am. Holdings*, Case No. 8:10-cv-2882-T-23TGW, 2011 WL 6846748, at *1 (M.D. Fla. Dec. 29, 2011) (dismissing a complaint without prejudice in part because it "fail[ed] to specify which alleged act violat[ed] which subsection of the [Act]").[5]  Therefore, the Complaint is a shotgun

---

[5] The current version of the Act imposes liability, in part, on any person who "(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; . . . or (G) knowingly makes, uses, or

(continued...)

pleading because it does not "separat[e] into a different count each cause of action or claim for relief."  *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).  *See also Weinerth v. Ayers*, Case No. 2:10-cv-170-FtM-29SPC, 2010 WL 4955836, at *1 (M.D. Fla. Dec. 1, 2010) ("[C]laims possess[ing] separate elements of proof, and the factual allegations applicable to each should . . . be set forth separately in different counts."); Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .").

This is more than a mere technicality in this case.  Because each of Plaintiff's claims has different elements, it does not appear that all facts regarding the entire scheme are relevant to each claim.  Thus, as currently pled, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Rather, the structure of the Complaint leaves "the Court with the 'onerous' task of sifting through the . . . introduction [and voluminous exhibits] in search of the allegations which support each cause of action."  *See Lawrie v. The Ginn Cos., LLC*, Case No. 3:09-cv-446-J-32JBT, 2010 WL 3746725, at *3 n.12 (M.D. Fla. Sept. 21, 2010) (dismissing the complaint and requiring it to be "repleaded in a

---

[5](...continued)
causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."  31 U.S.C. § 3729(a)(1).

more concise, coherent, and orderly fashion").[6]

## IV. Conclusion

For all of the aforementioned reasons, the undersigned recommends that the

Complaint be dismissed without prejudice as a shotgun pleading.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 14**) be **GRANTED in part** and **DENIED in part** as

stated herein.

2.      The Complaint (**Doc. 1**) be **DISMISSED without prejudice**.

3.      Plaintiff be given twenty days from the Court's order on this Report and

Recommendation to file an amended complaint in accordance herewith, and

Defendant be given fourteen days from such filing to respond to it.

**DONE AND ENTERED** at Jacksonville, Florida, on December 2, 2016.

_____

JOEL B. TOOMEY
United States Magistrate Judge

---

[6] Failure to cure pleading defects can result in dismissal of an action with prejudice.
*See, e.g.*, *Lawrie v. Ginn Dev. Co., LLC*, Case No. 14-14758, 2016 WL 4036381, at *1–9
(11th Cir. July 28, 2016).

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record